fendants from such a procedure. If they have any matter in bar or discharge, they may set it up, in this form of action, the same as if suit had been brought in the name of the drawer. The demurrer to the plea is sustained.

DAVIS v. McCORMICK. See Case No. 3,645.

## Case No. 3,641.

### DAVIS et al. v. MARSHALL.

[1 Cranch, C. C. 173.] [1]

Circuit Court, District of Columbia. July Term, 1804.

#### SPECIAL BAIL—WHEN REQUIRED.

A defendant, discharged under the insolvent law of Pennsylvania, may appear here and discharge an attachment without giving special bail.

Attachment of goods under the act of assembly, 1795, c. 56.

Mr. Mason, for the defendant, moved to appear without bail, so as to discharge the attachment. The debt was contracted in Maryland. The defendant removed to Pennsylvania, where his creditors arrested him, and he was released under the insolvent law of Pennsylvania. The plaintiffs sued in the general court of Maryland. On producing the discharge, the general court admitted an appearance without bail; and the plaintiffs struck off the suit there, and laid this attachment in the District of Columbia.

Mr. Morsell, for the plaintiffs, objected: 1st. That the act is not in force in this district. 2d. That the defendant cannot dissolve the attachment without giving bail.

THE COURT permitted defendant to appear on filing common bail.

CRANCH, Circuit Judge, did not sit in this case.

## Case No. 3,642.

### DAVIS v. MASSACHUSETTS MUT. LIFE INS. CO.

[13 Blatchf. 462; [2] 5 Ins. Law J. 736.]

Circuit Court, D. Vermont. July 25, 1876.

LIFE INSURANCE — POWER OF AGENT TO WAIVE CONDITIONS—PAYMENT OF PREMIUMS.

1. A policy of life insurance by a company, on the life of S., declared that it was issued and accepted upon the express conditions, that it "shall not take effect until the advance premium hereon shall have been paid during the lifetime of the person whose life is hereby insured; that no premium, or instalment of premium, hereon, shall be considered as paid, unless a receipt shall have been given therefor at the time of payment, duly signed by the president or secretary of said company; that no agent of the company shall make any contract binding the company, nor alter or change any condition of the

policy, nor waive forfeiture of this policy." The policy was put into the hands of S., by an agent of the company, who informed S., at the time, that there was no hurry about his paying the premium. Thereafter S. died, still retaining the policy, but without having paid the premium, and without any receipt for the premium having been given to him: *Held*, it is to be inferred, from the fact that S. retained the policy, without objection, that he accepted its terms and provisions.

2. The premium was not paid, as between S. and the company.

3. The agent attempted to give a credit to S. for the amount of the premium, in violation of the conditions of the policy.

4. The attempted waiver by the agent was not effectual, and the policy never took effect.

[This was an action at law on a policy of life insurance by L. L. Davis, administrator of Jerry B. Sweatland, against the Massachusetts Mutual Life Insurance Company.]

E. Henry Powell, for plaintiff.
Guy C. Noble, for defendants.

SHIPMAN, District Judge. This case was tried by the court, upon the following agreed statement of facts, a jury having been waived by the written stipulation of the parties: "The plaintiff's intestate, Jerry B. Sweatland, resided in Richford, in this district, and was the keeper of a hotel. The defendants are a corporation created by the laws of the state of Massachusetts, with headquarters at Springfield, in that state. [The defendants' charter may be referred to so far as necessary, and considered a part of this case. The application of the said Sweatland, bearing his signature, and the premium receipt and policy made and signed by the defendants, and in question in this suit, are hereby referred to and made a part of this case.] [3] On the 1st of August, 1873, and for two years before, one M. V. B. Edgerly, of Manchester, N. H., was the general agent of defendants for a portion of New England, including the state of Vermont. For the same time, one Charles Parkhurst was special state agent for Vermont, for the purpose of soliciting applications for insurance in said company, delivering policies and collecting premiums thereon, appointed by said Edgerly, with headquarters at Burlington, Vermont. About April 1st, 1872, Parkhurst employed one H. M. Buxton to solicit applications for insurance, and it was also Buxton's duty, under such employment, to collect premiums on policies that were place in his hands, and thereupon to deliver premium receipts and such policies to the assured. Said Buxton made monthly remittances of all such premiums so collected to Parkhurst, keeping an account of all such applications, policies delivered and not delivered, payments, &c., in a book, which account was the only one kept by Buxton with the company, or in the insurance business. Parkhurst's compensation, as agent, was a

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[3] [From 5 Ins. Law J. 736.]